tion to the service of another (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). "General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp., supra,* at 557). Here, decedent was employed by third-party defendant, and Ciminelli-Walbridge never assumed control over decedent's work.

We modify the order, therefore, by granting those parts of the motion of SUCF and Ciminelli-Walbridge seeking a determination that decedent was not a "special employee" of Ciminelli-Walbridge and dismissal of the Labor Law § 200 claim and common-law negligence cause of action against Ciminelli-Walbridge and thus dismissing the complaint against it. (Appeals from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.

■ MARILYN ADAM, Appellant, v PARK RIDGE HOSPITAL et al., Respondents, et al., Defendant. (Appeal No. 2.) [690 NYS2d 464] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.

■ MARILYN ADAM, Appellant, v PARK RIDGE HOSPITAL et al., Respondents, et al., Defendant. (Appeal No. 3.) [690 NYS2d 381] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of Park Ridge Hospital (Hospital) and Park Ridge Health System, Inc. (collectively defendants) for summary judgment dismissing the complaint against them as time-barred and denied plaintiff's cross motion to dismiss the affirmative defense of the Statute of Limitations. Defendants established that the action was commenced after the Statute of Limitations had expired, and plaintiff failed to meet her "burden of demonstrating the existence of triable issues of fact when [she] argued that the doctrine of continuous treatment tolled the Statute of Limitations" (*Cox v Kingsboro Med. Group*, 88 NY2d 904, 906; *see, Blythe v City of New York*, 119 AD2d 615, *lv denied* 69 NY2d 604). Plaintiff failed to raise an issue of fact whether there was a mutual expectation of additional treatment following her discharge from the Hospital on September 2, 1994 (*see, Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338-339;